We're ready for you, counsel. Good morning, judges. My name is Arthur Hutton. I represent the appellant Honorato-Rodriguez. Your honors, the district court erred when it gave the defendant a 16-level enhancement. And the court said it based the 16-level enhancement solely on the statute of conviction of Pennsylvania. Counsel, am I correct that the record we have shows that Honorato-Rodriguez pleaded guilty to an information, but we do not have a copy of the information in the record? No, he pled guilty to an indictment, a superseding indictment, judge. Was it an indictment? Yes. There are three things you can plead guilty to. You mean in the instant case or in Pennsylvania? Pennsylvania. In Pennsylvania, he pled to a complaint. Can you plead to a complaint in Pennsylvania? Yes. And he did plead to the complaint. In Alaska, the complaint gets you arrested, but then if it's a felony, it's replaced with either an indictment or an information on a plea bargain. Typically, it's replaced with an information, and I'm trying to find out what Pennsylvania procedure is. He pled to a complaint. It is a misdemeanor in Pennsylvania, judge, not a felony. I'm probably using words that don't mean anything to you because maybe they're Alaska words. If it's a felony in Alaska, you can't plead to a complaint. It has to either be an indictment or you have to waive indictment and plead to an information. You don't know what Pennsylvania procedure is on that? Well, all I know, judge, is that it was a complaint that was filed, and it was a misdemeanor complaint, and that he pled to the complaint. There were several. He pled to one and two of the complaint of indecent assault. Thank you. As I understand it, he pled to 2656-04.2 and .4. 3126, yes. Right. As shown in the trial plea sentence form. Yes. Which included, then, this indecent assault. Yes. Which had force involved with it. Which what? Which, as I understand it under Pennsylvania law, had force involved with it. Well... The offense in Pennsylvania has force involved with it. Says a person does so by forcible compulsion. Without the complainant's consent, or the person does so by forcible compulsion, and he pled to both? Yes. Well, so if that's the case, then I guess I'm wondering why that doesn't just translate right through to our code section, which says crimes of violence include. Then they go through, or as any element, the use, attempted use, or threatened use of force. Well, Judge, I interpret forcible compliance does not mean that it has to be done with force. That's the way I interpret the forcible compliance. Forcible compulsion? Compulsion, yes. That doesn't mean it has to be with force? I don't think so, Judge. Because I... What statute, what interpretation, what Pennsylvania case, what idea have I got to read the Pennsylvania statute like that? I don't know, Judge. It's my interpretation, and you have your interpretation. Well, I don't have one. All I have to do is read the statute, and if I have something straight out there that's pretty straightforward, it's the... if it's pretty straight on the face of it, it says forcible compulsion. Well, that does not mean that you have to do it with violence. And that's an important word, I think. Forcible compulsion can be done in a gentle way. So that's your argument? Yes. And I can... How are you going to get past Bonaloz-Hernandez, 492, Fed 3rd, 1146? Where it says forcible sex offenses are specifically enumerated in the crime of violence definition. The enumerated offenses are always classified as crimes of violence. And then you read back here. I'll just read from the case where it says the amended definition makes clear, and I've read you that. Then it says forcible sex offenses therefore require more force than that inherent to penetration, but need not require violent force. After examining California's interpretation, we conclude that it's forcible because California courts require us showing the defendant used or attempted to use at least some level of force. Now I read that interpreting this particular statute, I guess I'm stuck. Well, Judge, I cited U.S. v. Montanez, 421, Fed 3rd, 926, 9th Circuit Court, interpreting the California statute of sexual battery. If you read the wording in that statute and compare it to the Pennsylvania statute, you'll find that the wording is very, very similar. And therefore, if this court found that the sexual battery statute of California was not a violence, committed violently, then you should also decide that the Pennsylvania does not have anything, any wording or any indication as to violence. It does have that forcible compulsion. Well, and then I read the latest case, which just came out last year, which I quoted to you. That was the one which, that's why I ask you the question. Then I, if I don't go directly from statute to statute, then I might try to look at the indictment or the complaint or the, in Idaho, an information if it's a felony, and then what he pled to. And as I understand it, and I, I'm taking Idaho law now, my colleague used Alaska on you. Under Idaho law, if you have a complaint for a misdemeanor, that's all you'll ever have. So if you plead to the complaint, there's where you are. And if he pled to the very complaint that's used in this statute, and I can see it from the documents in front of me, then I have to say once again, we got force. Because if I read what he pled to here, and the actions in showing it, I can't even say it wasn't a little force. Because the acts are right there, attached to the complaint. Says what he did. He pressured this lady three times. Tried to have sex with her. Judge, I don't know if you're referring to the police reports. I'm talking about what's attached to the complaint. I don't think, I know that the government gave you the police reports and claims that it's attached to the complaint. Now. Why don't you tell us what page of the excerpt to look at. You mean as to the. I want to read the Pennsylvania complaint. Tell me what page. As I understand it. Colleague, it's pages 67 through 71 of the record. Maybe the counsel can confirm that. I'm sorry, I can't find it, Judge. It's all right. Go ahead and go on. Thank you, counsel. Thank you. I have a question. You say under Pennsylvania law, you complete guilty just to the complaint. Yes. And I guess the question we were concerned with is what the complaint says. Was it just a violation of 3126A? Is that all that was said? Yes. It didn't say A1 or A2, just said A? I think so, Judge. So I guess the concern is that in pleading guilty to 3126A, that would include both one and two. And as I look at it, if a person does so with forcible compulsion, that would be violent. If a person does so without the complainant's consent, then that presents the question of whether it is violent. And so if A can be interpreted as pleading guilty to both, we don't know whether in that plea to A, whether it was the plea because of forcible or just because of the complainant's lack of consent. And if that was the basis for the plea, it wouldn't be violent. Judge, I can go and touch a woman's breast, and I can do it very gently, without any force, without her consent. Okay. It doesn't have to be a violent act. And, again, I tell you that the Pennsylvania statute says nothing about violence except forcible compulsion. So it depends how you interpret that. Thank you. Thank you, Judge. Thank you, counsel. May it please the Court. I'm Angela Woolridge, appearing on behalf of the United States. First, for the Court's use, the female complainant was not included in the excerpts of record, so we attached it as Appendix A in our response brief. Was it before the district court? Was it provided to the district court? Yes. That's what I asked you. Yes, it was provided to the district court. How come it's not in the excerpts? The excerpts, we've provided it in our response. The defense did not provide it in the excerpts. I mean, it could be in the Appellee's supplemental excerpts. Is it there? It's in the red brief. Is that what the Court's asking? I didn't answer my question. I said, is it in the excerpts? You said no. Then I asked if it was in the government's supplemental excerpts, and you said it's in the record. Is it in the supplemental excerpts? We didn't file supplemental excerpts. We attached it as an attachment in our response brief. Hmm. That's not what the rules say. What does it say? The criminal complaint charges the defense with one count of indecent assault, which references 3126A1 and 2. And the judgment, in the judgment, the defendant's convicted of the one count of indecent assault, which is listed also as the fifth charge, just as it is in the criminal complaint. And it also notices the other charges that are dismissed. No part of indecent assault is dismissed. Counsel, I have a problem. I think it's the same question that Judge Hugg raised with your adversary. We have a case called the United States v. Lopez-Montanez that says that a California sexual battery statute is not a crime of violence because it can be accomplished merely by touching against the will without violence. In this Pennsylvania statute, there are two parts, and one of them, subsection 1, is like California but less so. It doesn't even require restraint. It just, without consent, the victim could be asleep or drunk. The second one is forcible. Now, as far as I can tell from what you're telling me, and I'm taking your assurance that the complaint really is in the district court record, he's charged and pleads guilty to a violation of subsection A of Pennsylvania statute 3126, and it could be either one. So it looks like under the categorical approach and that Mendez case, we have to say, well, if it could have been either one, it could have been A1 instead of A2, and then under Lopez-Montanez, that's not a crime of violence, so he wins. What am I missing there? Because he was charged with A1 and A2, and no part of the... He was charged in the conjunctive and convicted in the disjunctive. I would agree with that in terms of a statute that actually alleges elements, either in the conjunctive or the disjunctive. But here we have two specific substatutes that are charged. And for the defendant, if a specific substatute is charged, for the defendant then to plead guilty or be found guilty of that charge and not to be found guilty of that specific substatute, that charge would have at some point had to have been modified, either amended or dismissed. What do you make of page 54 of the excerpts? That's the criminal docket of the Court of Common Pleas in Montgomery County in Pennsylvania, and it seems to say that his guilty plea was to 18-1326A1. That's the nonviolent half of the statute. Your Honor, a few things. First of all, as we brief the district court, we don't believe that the criminal docket is a judicially noticeable document for several reasons. First of all, if you would just look at the... You want us to take notice of a police report, which our cases say we can't, but not a docket sheet? A few things. First of all, the affidavit for probable cause, although it does constitute information from a police officer, it's included in the criminal complaint, and we do have the ability to look at police reports that are... Maybe, but it doesn't mean he pleaded guilty to all that stuff. A lot of things are put in a criminal complaint in order to assist the court in setting bail at the initial appearance and appointing counsel, but a plea of guilty is often more limited. I think before we even get to that police report, even before we even move to a modified categorical analysis, our position is we don't even get there. The district court agreed it didn't even move to the modified categorical analysis. But just on the categorical analysis, with regard to the criminal docket, first of all, in our categorical analysis, we wouldn't even consider it. It is not an official court document that's signed by a judge. There is a disclaimer at the bottom. And the very reason that we can't rely on a document such as this, if we look at... and say anything in it is a guilty plea because there are seven different crimes alleged in the complaint, and we know he pleaded only to one. He pleaded, actually, to two different crimes. He pleaded to recklessly endangering another person and indecent assaults. All right, but not seven. Correct. And that complaint, I'm sorry, and the sentence shows that the trial-slash-plea-slash sentence, or the judgment, if you will, shows that that five counts were dismissed, and he pled guilty to two counts. And those two counts, he pled guilty to reasonably endangering another person and indecent assaults. And specifically, the judgment specifies that the other five counts, attempted rape, simple assault. Excuse me, but a pleading guilty to indecent assault could be pleading guilty to the assault because of one or two. Because one and two were both charged. Yeah, but that isn't what the plea shows. It just shows that he pled guilty to the offense of guilty of indecent assault. And that could be because either he agrees that he was guilty of one or two. Because he was charged with both one and two, either one or two would have to be dismissed if he was not convicted of both of those substatutes. No, because it's only one statute there of indecent assault. Well, even with one statute, even with one count, our position is both of the substatutes can be incorporated into that count. And therefore, by pleading guilty, the defendant does then admit to the facts, as alleged in both the A-1 without consent and the A-2. What's different from our precedent is if there is a statute that a person pleads guilty to one of which could be, in this case, forcible, one of which could not would mean that he hasn't pled guilty to a violent offense. And I think the difference with the distinction is made between when we have, for instance, a particular statute that in the wording it's listed in the conjunctive, for instance. We see the 16-level enhancement argument a lot when it comes to something that can be committed recklessly or intentionally. And that language is in the statute itself, whereas when we have specific substatutes that are charged without any dismissal. In order to be guilty of this offense of indecent assault, do you have to prove one and two doesn't say that? You don't, Your Honor. However, in this case, that's what he was charged with. And by pleading guilty. Not convicted of. By pleading guilty to that, that's what he was. Let's take a look at the thing that you didn't put in supplemental excerpts, but you attached to your brief. The trial plea sentence thing from the Commonwealth of Pennsylvania. Is there anything else in there that will tell us what he pleaded guilty to? Well, in here we have the court references it with numbers, as on the top right there. And they add up. If you look at the page that's marked in the lower right corner, 65, that's also attached the criminal complaint. You start with the first charge attempt, the second simple assault, the third recklessly endangering another person, and so on. And the fifth charge in both of these documents is indecent assault. And that's referenced as the fourth. It says four, indecent assault. It's kind of hard to understand. They call it .4. It is rather confusing. The first criminal attempt, they don't sign. Where is the thing? You say he was charged with 3126A1 and 3126A2. That's correct. I want to see the record that shows he pleaded guilty to 3126A2, because that's the one with the magic word you need, forcible. So show me. Unfortunately, in Pennsylvania, or at least in this case, they did not write out the complete statute. They reference the charging document. In terms of showing that he was convicted of subsection 2. But if you look at the first check mark on the trial plea sentence, it references the charging document. And in the charging document, we have both 1 and 2. What it says is 2656.404.1M2, .2, and then 1 in a circle, M2. I don't know what it means. And then it says that a whole bunch of other stuff was not crossed. Right. And the 2656.4 references the indecent assault. That's referred to as .4. Even though it's the fifth charge, and what they do is somewhat confusing, the first charge is not point anything, whereas the second charge is .1, the third .2, the fourth .3, and so on. So with the fifth charge, you have indecent assault, which is actually called .4. But if you reference it up with the complaint, it's also the fifth. I read that. I go back to that. It says 3126. A, 1, 2. It doesn't say and. It doesn't say or. It just sets out the full statute in a non-Blue Book way. Actually, the full statute, I believe there's eight different substatutes. So they're not just setting forth the full statute. They specifically choose two. We don't have time for quibbling. I want to know if he pled to subsection 2, forcible, or not. And it's our position that he did, and what we have to show that is that he pled to the charge of indecent assault, referencing the charging document, and in the charging document, it charges two. Thank you, counsel. Thank you. Thank you. Thank you very much.
judges: Hug, Kleinfeld, Smith